# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PIOTR PETE CHWALA,**
**A# 215-589-098,**

    Petitioner,

vs.                                               Case No. 4:20cv121-WS-MAF

**WILLIAM P. BARR, ATTORNEY**
**GENERAL OF THE UNITED STATES,**
**et al.,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

    The pro se Petitioner initiated this case on March 4, 2020, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Petitioner's motion was granted and an Order was entered requiring Petitioner to submit a service copy of the petition. ECF No. 5.

    That Order noted that, prior to review of this case, the Clerk's Office sent a notice to Petitioner advising of this case number and other general information which is routinely provided to pro se litigants. ECF No. 3.

Petitioner's copy of that notice was returned to the Court on March 13, 2020, as undeliverable. ECF No. 4. The postal stamp indicated "unable to forward," but no other information was provided. An effort was made to verify Petitioner's status through the Immigration and Customs Enforcement website which provides an "Online Detainee Locator System." However, that effort was not successful.

Accordingly, although it was unknown whether Petitioner had been released from detention, removed from the United States, or transferred to another location, and in the event the Clerk's notice was returned erroneously, an Order was entered to require Petitioner to provide one additional service copy of the petition. ECF No. 5. The docket reflects that the Order has also been returned to the Court as undeliverable. ECF No. 6. The postal stamp again states "unable to forward." *Id.*

This case cannot continue if Petitioner cannot receive mail from this Court. It has been nearly two months since case initiation, but nothing further has been received from Petitioner. Thus, it is recommended that the petition be dismissed for failure to prosecute because Petitioner has not provided the Court with a change of address or other pertinent information concerning his whereabouts. Should Petitioner receive this

recommendation, he may file a timely motion for reconsideration directed to the attention of the undersigned Magistrate Judge.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**